[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 30, 1997
This matter arises out of the purchase of five limited partnership interests by the defendant and her mother from the plaintiffs during the years 1987 thru 1989. The limited partnerships proved to be unprofitable. The defendant, alleging that the cause of the financial losses to herself and to her mother were for various reasons, due to the fault of the plaintiffs, including fraud and other malfeasance. CT Page 3066
Inasmuch as the purchases were made through members of the National Association of Securities Dealers, the parties agree that any disputes between them must be resolved pursuant to the rules of the Association. The defendant submitted her claim to arbitration pursuant to the rules of the Association which provide as follows:
 Any dispute, claim, or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer.
The plaintiffs sought dismissal of the arbitration, claiming that the matter was not arbitrable because it was ineligible for arbitration under Rule 10304 which provides as follows:
 No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy.
There is no dispute between the parties that more than six years have, in fact, elapsed (since the dates of purchase), therefore subjecting the parties to Rule 10304. The disagreement between them, however, is the application of this rule to their dispute. Inasmuch as the arbitrators did not dismiss the action, but have agreed to hear the matter on the merits before deciding whether or not the claim is eligible for arbitration, the plaintiffs have filed this application for injunctive relief, seeking a stay of any arbitration proceedings because of the plaintiffs' claim that this controversy is ineligible for arbitration.
The question presented to this court for decision is whether Rule 10304 is a rule of subject matter jurisdiction or one of a statute of limitations defense to be asserted by the defendant. CT Page 3067
LAW AND CONCLUSION
In order to prevail in this action, the plaintiffs must first prevail on their claim that Rule 10304 is a jurisdictional rule, and then they must prove that they are entitled to injunctive relief. The plaintiffs must show that there is no adequate remedy at law, that irreparable harm will result, that they have the ability to succeed on the merits of the case, and that they will suffer the greater hardship (as compared to the defendant) if the injunction is not granted. See Waterbury Teacher's Associationv. Freedom of Information Commission, 230 Conn. 441, 451 (1994).
Three Connecticut Superior Court decisions have discussed the issues presented in this case. They are: Cigna Financial Advisors,Inc. v. Rosen, CV 94 0705235 (J.D. of Hartford/New Britain at Hartford), (January 9, 1995; Sheldon, J); Merill Lynch Co, Inc.v. Mathes, CV 0126054 (J.D. of Waterbury) (September 1, 1995; West, J.); and Smith Barney, Inc. v. Gillies, CV 94-0705356, (J.D. of Hartford/New Britain at Hartford) (February, 17, 1995; O'Neill, J.).
It would be tautological on the part of this court to repeat what has already been written. It would, however, be appropriate to quote from parts of these opinions to express what this court believes to be opinions based on the current state of Connecticut law and what are well reasoned conclusions based on that law as applied to the facts in these cases.
As Judge Sheldon pointed out in Cigna FinancialAdvisors, Inc. v. Rosen, supra, arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit. (Citations omitted.) It is illogical that Rule 10304 (then Section 15) to find that this rule is anything but a substantive limitation on the right to gain access to the arbitral forum. Nowhere does the Code establish new defenses to common law or statutory causes of action. This court must conclude that Rule 10304 is a jurisdictional threshold and not a procedural defense to the claim.
This court also is of the opinion that the cases previously cited were correct in holding that the requisites for injunctive relief have been met by the applicants in these CT Page 3068 cases. There is no adequate remedy at law, simply because there is no alternative forum for the plaintiffs to present this challenge to a court. (See Cigna Financial, supra.)
Irreparable harm will result because the plaintiffs would be forced to defend themselves in an unlawful arbitration which they never agreed to arbitrate. Further, the court would be abdicating its responsibility to determine arbitrability and allow an arbitrator to determine his own authority. (See MerrillLynch Co. v. Mathes, supra.)
It is also likely on the facts presented, that inasmuch as all of the partnerships were purchased more than six years before the action, the plaintiffs are likely to prevail. Lastly, the court is of the opinion that the hardship suffered by the plaintiffs in forcing them to arbitrate a claim that they never agreed to arbitrate, would be a greater harm to that imposed on the defendant, because the plaintiffs would have to engage in a costly and time consuming process, which they should not be required to engage in.
For these reasons, the plaintiffs' application for a temporary injunction is granted.
FREED, J.